Sarah J. Ryan, OSB #831311
sarah.ryan@jacksonlewis.com
Leslie Boro, OSB #173662
leslie.boro@jacksonlewis.com
JACKSON LEWIS P.C.
200 SW Market St. Ste. 540
Portland, Oregon 97201
Telephone: (503) 229-0404
Facsimile: (503) 229-0405
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| INARI MEDICAL, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MELISSA MCCASKEY,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

Inari Medical, Inc. ("Inari") alleges as follows:

## I. NATURE OF THE ACTION

1. Plaintiff Inari Medical, Inc. ("Inari") is a company that develops and sells devices for the extraction of blood clots from large vessels. Defendant Melissa "Marcy" McCaskey

Page 1 – COMPLAINT FOR DECLARATORY RELIEF

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

("McCaskey") worked for Inari selling medical devices to healthcare organizations in Oregon. Inari brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §2201 seeking a declaration with respect to venue, choice of law and jurisdiction for a demand and notice of intent to sue from McCaskey, received on January 24, 2024 citing violations of California employment law (the "Demand"), and communication from McCaskey's counsel on February 26, 2024 confirming her intent to file imminently. Inari seeks a declaration that Oregon law applies, and jurisdiction and venue are in the Federal Court for the District of Oregon, Portland Division in connection with the Demand.

2. An actual and justiciable controversy exists among the parties concerning application, law, jurisdiction and venue. Inari contends that because McCaskey was an Oregon employee working predominately in Oregon, McCaskey cannot allege violations of California law or seek to litigate the Demand before any court in the state of California.

3. Inari has no adequate remedy at law and therefore desires a judicial determination of its rights and duties in accordance with the Demand. A judicial declaration is necessary and appropriate at this time so that Inari may ascertain its rights and duties with respect to defense of the Demand.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction of this declaratory judgment action under 28 U.S.C. §1332(a)(1):

    a. Inari is a corporation operating under the laws of Delaware and having a principal place of business in California at 6001 Oak Canyon, Suite 100, Irvine, CA 92618.

    b. McCaskey is a citizen domiciled in Happy Valley, Oregon.

Page 2 – COMPLAINT FOR DECLARATORY RELIEF

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

      c. Inari has a good-faith belief that the matter in controversy exceeds $75,000. McCaskey alleges violation of five California state laws and cites recent damages awards ranging from $112,000 to $25,142,000 .

5. Venue is proper under 28 U.S.C. §§1391(b)(1) - (2) and (c)(1) because McCaskey resides and is domiciled in Oregon and, a substantial portion of the alleged events, transactions and occurrences that are the subject matter of the Demand arise within the District of Oregon.

### III. STATEMENT OF FACTS

6. On January 12, 2024 McCaskey, through her counsel, sent Inari the Demand claiming whistleblower retaliation under Cal. Labor Code §1102.5, defamation, age discrimination in violation of California's Fair Employment and Housing Act (FEHA), failure to prevent harassment and discrimination in violation of FEHA, and retaliation for exercising rights under FEHA.

7. McCaskey worked as an Oregon account manager for Inari from September 8, 2020 until she resigned on July 14, 2023.

8. McCaskey was a resident of Oregon at her time of hire, and while employed by Inari and she remains an Oregon resident.

9. McCaskey's assigned sales territory was in Oregon and she substantially performed her duties in Oregon.

10. McCaskey reported to a manager who resided in Washougal, Washington and worked with McCaskey in Oregon. McCaskey's manager trained her in Oregon, attended in-person meetings with McCaskey and sales prospects in Oregon, and was responsible for directing McCaskey's work and managing her performance.

Page 3 – COMPLAINT FOR DECLARATORY RELIEF

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

11.     McCaskey's Demand includes several allegations (all of which are disputed) including; conduct of her manager in Oregon, Inari's reduction of her sales territory in Oregon, comments by her manager to Oregon customers and, her work environment in Oregon.

### IV.     FIRST CLAIM FOR RELIEF: A DECLARATION THAT CALIFORNIA LAW DOES NOT APPLY TO MCCASKEY'S CLAIMS

12.     Cal. Labor Code §1102.5, California's whistleblower protection law, does not apply to non-residents who do not work in California.  California has a presumption against extraterritorial application of its Labor Code.  *Sullivan v. Oracle*, 51 Cal. 4th 1191, 1207; (referencing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, (1985) (holding that the application of any state's law to claims, "unrelated to that State ... is sufficiently arbitrary and unfair as to exceed constitutional limits.")).  Unless the California Legislature "clearly expressed" its intention to have a specific statute apply extraterritorially, or such an intention can be reasonably inferred from the language of the statute, the presumption cannot be overcome.  *Id.* (citation and internal quotes omitted).  No such language exists in Labor Code §1102.5 to indicate the California Legislature intended the Code to apply to employees working exclusively in Oregon.

13.     FEHA claims require a plaintiff to sufficiently allege the tortious conduct occurred in the state of California.  *North Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1, 162 P. 93 (1916); *Dodd-Owens v. Kyphon, Inc.*, No. C 06-3988, 2007 U.S. Dist. LEXIS 11728, 2007 WL 420191, at *3 (N.D. Cal. Feb 5, 2007).  FEHA has no extraterritorial application. Residency, state of employment contract, and place of termination are not material elements of a FEHA claim and insufficient to overcome the presumption against extraterritorial application of California statutes. *Diamond Multimedia Sys. Inc. v. Superior Court*, 19 Cal.4th 1036, 1059, 80 Cal. Rptr. 2d 828, 968 P.2d 539 (1999).

Page 4 – COMPLAINT FOR DECLARATORY RELIEF

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

14. McCaskey is not a resident of California, did not work in California, and the alleged conduct occurred substantially in Oregon.

15. The California laws cited in the Demand are not intended to apply to nonresidents whose employment duties were performed outside the boundaries of California and whose injuries were based on behavior occurring outside the state. To impose California law on activities conducted outside of California, which California has no legitimate or sufficient state interest, raises Commerce Clause concerns, and deprives Inari of the Due Process rights granted under the Federal Constitution. The Commerce Clause bars a state's ability to apply its laws to commerce taking place wholly outside that state's borders. To do so deprives companies operating out of state of notice and fair warning of the applicability of such extraterritorial laws.

16. So long as applicable law remains in question, Inari is unable to adequately appraise itself of its legal risks and resolution strategy.

17. Absent this Court's judgment declaring California law inapplicable to McCaskey's claims due to California's restrictions on extraterritorial application, Inari will be forced to relitigate this matter and make the same arguments, presumably before a court in California following the imminent filing of the Claims asserted in McCaskey's Demand.

## V. SECOND CLAIM FOR RELIEF: A DECLARATION THAT OREGON LAW APPLIES TO MCCASKEY'S CLAIMS

18. The Oregon Legislature has established a strong public policy interest in regulating the employment of its citizens as articulated by a statement of legislative intent and public policy in ORS 659A.003 and ORS 659A.006(1). The presence of significant state interests clearly identified in statute supports application of Oregon law, enforcement otherwise would contravene public policy.

Page 5 – COMPLAINT FOR DECLARATORY RELIEF

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

19. The employment relationship between Inari and McCaskey was carried out in Oregon, thus creating significant contacts to create state interests. Under ORS 15.430(6) Oregon law governs claims between an employer and employee where the employee is primarily employed in Oregon and the injury occurs in Oregon. ORS 15.320(3) provides that Oregon law applies to employment claims for services rendered primarily in Oregon by a resident of Oregon. *AssuredPartners of Or., LLC v. Reese,* No. 6:22-cv-00673-MC, 2022 U.S. Dist. LEXIS 233617 (D. Or. Dec. 30, 2022) (Oregon law applies regardless of contracted choice of law provisions when the employee was a resident of Oregon when entering the agreement and rendered services primarily in Oregon); *Schedler v. Fieldturf United States,* No. 3:16-CB-344-PK, 2017 U.S. Dist. LEXIS 233689, at *17 – 18 (D. Or. May 17, 2017).

20. Furthermore, ORS 15.440(2) provides that Oregon law applies to claims where the injurious conduct and the person causing the conduct are domiciled in Oregon. For the purposes of Oregon's Choice of Law statute, Inari is domiciled in Oregon. ORS 15.420 (corporations are domiciled in Oregon if the corporation does business in Oregon and has a pertinent connection to the disputed issue).

21. Inari initiated the employment relationship in Oregon intending that McCaskey would provide services in Oregon. Inari employed McCaskey, paid her as an Oregon employee with contributions to Oregon mandated taxes, Oregon unemployment, workers' compensation insurance and Oregon withholding, and McCaskey sold Inari's products in Oregon.

22. Absent this Court's judgment declaring that Oregon law applies, Inari will be forced to relitigate this matter and make the same arguments presumably before a court in California following the imminent filing of the claims asserted in McCaskey's Demand.

Page 6 – COMPLAINT FOR DECLARATORY RELIEF

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

VI. **THIRD CLAIM FOR RELIEF**: **DECLARATION THAT VENUE IN OREGON – NOT CALIFORNIA – IS PROPER AND OREGON IS THE MORE CONVENIENT FORUM**

23. Venue in Oregon is proper because the operative facts did not occur in California, California has no interest in the parties or the subject matter. *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987); 28 U.S.C. §1391(b)(2).

24. Venue in Oregon is proper because McCaskey is a resident of the District of Oregon. 28 U.S.C. §1391(1)(c)(1). A California Court does not have a significant connection to the activities alleged in McCaskey's Demand. *Carolina Cas. Co. v. Data Broad. Corp.,* 158 F.Supp.2d 1044, 1048 (N.D. Cal. 2001).

25. Oregon has a strong public policy interest supporting venue in the District of Oregon. ORS 659A.006(1); *Wolfe v. The RV Factory LLC,* No. 3:15-CV-02424-SI, 2016 U.S. Dist. LEXIS 36807, at *3 (D. Or. Mar. 22, 2016); *Supra* at ¶¶18-19.

26. Most witnesses identified by McCaskey are in Oregon and Inari is better able to access sources of proof to defend McCaskey's allegations in Oregon.

27. Venue elsewhere creates practical problems such as the availability of compulsory process for attendance of unwilling witnesses. Venue in California will result in significant difficultly and cost in deposing and obtaining attendance of out-of-state witnesses. *Metz v. U.S. Life Ins. Co.*, 674 F.Supp.2d 1141, 1147 (C.D. Cal. 2009).

28. Venue in Oregon will be expeditious and inexpensive to both parties. Oregon venue will place no burden on McCaskey due to her residency in Happy Valley, Oregon. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n.6 (1981).

29. Hearing Oregon claims in a California Court will prejudice Inari's ability to defend itself under Oregon laws before a Court that is not at home with the law and cannot benefit from this Court's extensive experience hearing Oregon employment cases.

Page 7 – COMPLAINT FOR DECLARATORY RELIEF

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405
(fax)

30. So long as this dispute and uncertainty about venue exists, Inari is forced to engage counsel in both Oregon and California to seek change in venue; thus, resulting in protracted and costly litigation before addressing the actual harm McCaskey alleges.

31. Absent this Court's judgment declaring that Oregon is the proper venue for the claims asserted in McCaskey's Demand, Inari will be forced to relitigate this matter and make the same arguments, presumably before a Court in California following the imminent filing of the claims asserted in McCaskey's Demand.

WHEREFORE, Inari prays for judgment declaring the following:

(1) California law does not apply to McCaskey's Claims.

(2) Oregon law applies to McCaskey's Claims.

(3) Venue in Oregon – not California – is proper and Oregon is the more convenient forum.

(4) An award to Inari of reasonable fees and costs in bringing and maintaining this action, and;

(5) Such other fees the Court may deem as appropriate.

DATED: February 27, 2024.                JACKSON LEWIS P.C.

By: *s/ Leslie Boro*
Sarah J. Ryan, OSB #831311
sarah.ryan@jacksonlewis.com
Leslie Boro, OSB #173662
leslie.boro@jacksonlewis.com
Attorneys for Plaintiff Inari Medical, Inc.