IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **INARI MEDICAL, INC.**,<br><br>    Plaintiff,<br><br>v.<br><br>**MELISSA McCASKEY**,<br><br>    Defendant. | Case No. 3:24-cv-00356-IM<br><br>**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Leslie Boro and Sarah J. Ryan, Jackson Lewis P.C., 200 S.W. Market St., Suite 540, Portland, OR 97201. Attorneys for Plaintiff.

Taylor Duty and Joseph James Haddad, JJH Law, PC, 1640 NW Irving St., Portland, OR 97209. Tamara Freeze, Workplace Justice Advocates, PLC, 400 Spectrum Center Drive, Suite 560, Irvine, CA 92618. Attorneys for Defendant.

**IMMERGUT, District Judge.**

This matter arises out of an attempt to preclude the California courts from resolving an employment dispute. In January 2024, Defendant Melissa McCaskey sent Plaintiff Inari Medical, her former employer, a demand letter claiming that Plaintiff had violated several provisions of California law. In response, Plaintiff initiated the instant action. Plaintiff seeks a declaration that (1) California law does not apply to the claims Defendant outlined in her letter, (2) Oregon law

PAGE 1 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

applies to those claims, and (3) venue for the threatened suit must be in Oregon, not California. Complaint ("Compl."), ECF 1 ¶¶ 12–31. After this suit began, Defendant sought a right-to-sue letter through the California Civil Rights Department ("CCRD").

Defendant now moves to dismiss this suit, advancing three independent arguments. *See* Motion to Dismiss ("Mot."), ECF 11. First, this Court lacks subject-matter jurisdiction because Plaintiff cannot satisfy the amount-in-controversy requirement for diversity jurisdiction. *Id.* at 4–6. Second, Plaintiff lacks Article III standing to pursue forward-looking declaratory relief. *Id.* at 6–8. Third, this is an inappropriate vehicle for a declaratory judgment because the instant action is a "reactive suit." *Id.* at 9–11.

This Court GRANTS the Motion to Dismiss only on Defendant's third ground. Applying the discretionary *Brillhart* factors, this Court finds that Plaintiff's suit is the kind of "reactive declaratory action" that federal courts "should generally decline to entertain." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc). This Court does not reach Defendant's other two contentions.

## BACKGROUND

### A. Factual Background

The facts below are drawn from the Complaint, declarations submitted by both parties, and matters of public record subject to judicial notice. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009); *Savage v. Glendale Union High Sch., Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003); *Warta v. Porter, McGuire, & Kiakona, LLP*, 622 F. Supp. 3d 971, 981 (D. Haw. 2022). Although the parties submitted declarations in support of their briefing, there is no disagreement on the facts relevant to jurisdiction.

Plaintiff is a company that develops and sells medicals devices. Compl., ECF 1 ¶ 1. It is incorporated in Delaware and has its principal place of business in California. *Id.* ¶ 4a. Defendant

worked for Plaintiff as an account manager. *Id.* ¶ 7. She is domiciled in Oregon. *Id.* ¶ 4b. Defendant resigned from Plaintiff on July 14, 2023. *Id.* ¶ 7.

On January 24, 2024, Plaintiff received a demand letter from Defendant. *Id.* ¶ 1. The letter accused Plaintiff of engaging in various violations of California law, including of California's Fair Employment and Housing Act ("FEHA"). *Id.* ¶ 6. On February 26, 2024, Plaintiff's counsel sent an email to Defendant "confirming [Plaintiff's] intent to file imminently." *Id.* ¶ 1; *see* Declaration of Leslie Boro ("Boro Decl."), ECF 16 ¶ 2; Declaration of Xinyue Liu ("Liu Decl."), ECF 18 ¶¶ 2, 8 (Defendant's attorney stating that she "intends to bring claims against Plaintiff" Inari Medical).

The next day, Plaintiff initiated the instant suit. Compl, ECF 1. In its Complaint, Plaintiff seeks a declaration holding that: (i) California law does not apply to the claims Plaintiff outlined in her demand letter; (ii) Oregon law applies to those claims; and (iii) venue for the threatened suit is proper in Oregon and not California. *Id.* ¶¶ 12–31.

Three days thereafter, on March, 1, 2024, Defendant filed an agency complaint with the CCRD alleging that Plaintiff had violated FEHA. Boro Decl., ECF 16 ¶ 4. Under California law, such agency complaints are prerequisites to FEHA suits in California state court. *See Beddingfield v. United Parcel Serv., Inc.*, Case No. 23-cv-05896-EMC, 2024 WL 1521238, at *4 (N.D. Cal. Apr. 8, 2024) (discussing California law).

On April 1, 2024, Defendant filed the instant Motion to Dismiss under both Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). She contends that: (i) Plaintiff cannot prove the amount-in-controversy requirement for diversity jurisdiction; (ii) Plaintiff lacks Article III standing to pursue declaratory relief; and (iii) this Court should decline to exercise jurisdiction over this matter pursuant to the Declaratory Judgment Act and the *Brillhart* factors. *See* Mot.,

PAGE 3 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

ECF 11 at 4–11; *see also Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

**B. The Standard Governing Defendant's Motion to Dismiss**

Before delving into the merits, it is important to clarify the standard by which this Court must evaluate the Motion to Dismiss. *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 (9th Cir. 2014) (looking to the substance of a motion to dismiss to determine whether it falls under 12(b)(1) or 12(b)(6)). The issues of diversity jurisdiction and Article III standing fall squarely under Rule 12(b)(1). Whether the same is true of dismissal under the Declaratory Judgment Act is not so clearcut. As one treatise has noted, the *Brillhart* doctrine "does not fit neatly into any of the categories of motions enumerated in Rule 12(b)." 63 A.L.R. Fed. 2d 51 (2012).

That said, the weight of authority seems to favor treating *Brillhart* as a matter of subject-matter jurisdiction under Rule 12(b)(1). District courts in this Circuit have tended to do so. *See, e.g., Blumenkron v. Eberwein*, No. 3:12–CV–351–BR, 2013 WL 786211, at *2 (D. Or. Mar. 1, 2013); *Exit 282A Dev. Co. v. Worrix*, No. 3:12–CV–939–BR, 2013 WL 786443, at *2 (D. Or. Mar. 1, 2013); *St. Jude Med. S.C., Inc. v. Biosense Webster, Inc.*, CASE No. CV 14–1326–SVW–AGR, 2014 WL 12686383, at *8–9 (C.D. Cal. Aug. 27, 2014); *Owners Ins. Co. v. Monte Vista Hotel*, No. CV 09–8095–PCT–MHM, 2010 WL 2643554, at *2 (D. Ariz. June 30, 2010) (Murguia, J.). Further, the Supreme Court has described dismissal under *Brillhart* as concerning "the duty of the federal courts to determine legal issues governing the proper exercise of their jurisdiction." *Brillhart*, 316 U.S. at 497–98; *see also Wilton*, 515 U.S. at 282 ("*Brillhart* makes clear that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit *otherwise* satisfies subject matter jurisdictional prerequisites." (emphasis added)).

PAGE 4 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

In keeping with this Circuit's district courts and the Supreme Court's *Brillhart* precedents, this Court will construe Defendant's Motion as one for dismissal for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). "It is to be presumed that a cause lies outside this limited jurisdiction." *Id.* (citation omitted). Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss based on lack of subject-matter jurisdiction. When a motion to dismiss attacks subject-matter jurisdiction on the face of the complaint, the court assumes the factual allegations in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *Holy See*, 557 F.3d at 1073 (citation omitted). When a motion to dismiss attacks subject-matter jurisdiction by disputing the truth of the complaint's allegations, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Wood v. City of San Diego*, 678 F.3d 1075, 1083 n.8 (9th Cir. 2012) (citation omitted). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint . . . ." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (citation omitted).

## DISCUSSION

Although Defendant offers three grounds for dismissal, this Court adopts only one: that dismissal is proper as a matter of this Court's discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." (citations and internal quotation marks omitted)); *see also Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 280 n.3 (3d Cir. 2017); *Amling v. Harrow Indus. LLC*,

PAGE 5 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

943 F.3d 373, 379 (7th Cir. 2019); *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 360 (2d Cir. 2003) (per curiam); *Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 201 (4th Cir. 2019). This Court does not reach Defendant's other two grounds for dismissal.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment . . . ." *Wilton*, 515 U.S. at 288.

In exercising that discretion, district courts apply the *Brillhart* factors. *Id.* at 289–90. The three factors are whether withholding declaratory relief and dismissing the action would (1) avoid needless determination of state law issues; (2) avoid duplicative litigation; and (3) discourage forum-shopping. *R.R. St. & Co. Inc. v. Transp. Ins.,* 656 F.3d 966, 975 (9th Cir. 2011). These factors are not exhaustive. *Id.* Courts evaluate the factors "under the circumstances existing at the time [*Brillhart*] was raised rather than at the time of [the complaint's] filing." *Am. Cas. Co. of Reading, Pa. v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999) (citation omitted).

This Court holds that each factor favors the withholding of Plaintiff's requested declaratory relief and dismissal of this matter.

*First*, retaining jurisdiction over this matter would require this Court to determine issues of California and Oregon law, including statutory and contract interpretation. *See generally* Compl., ECF 1; Mot., ECF 11 at 12–13. This Court would need to resolve how, under California law, the presumption of extraterritoriality applies to California statutes. Compl., ECF 1 ¶¶ 12–17.

PAGE 6 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This Court would also need to resolve whether and if so how, under Oregon law, Oregon statutes can override contractual choice of law provisions. *Id.* ¶¶ 19–20. And this Court would need to resolve issues of state "public policy." *Id.* ¶¶ 24–25. The fact that the Complaint presents these involved questions of state law counsels strongly in favor of dismissal. In fact, the Ninth Circuit has "recognized that needless determination of state law issues *alone* may support" remand or dismissal under *Brillhart*. *R.R. St. & Co.*, 656 F.3d at 975 (emphasis added) (citation omitted); *see Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803–04 (9th Cir. 2002) (affirming dismissal under *Brillhart* solely because "both the federal and state actions involve[d] the same purely state law issue"); *Cal. Specialty Insulation, Inc. v. Allied World Surplus Lines Ins.,* No. 21-55648, 2022 WL 1125672, at *1–2 (9th Cir. Apr. 15, 2022) (affirming dismissal under *Brillhart* on solely this factor). Therefore, the first *Brillhart* factor favors dismissal.

*Second*, this case threatens duplicative litigation. Defendant intends, and has begun the process, to pursue state court litigation that will involve not only the threshold issues Plaintiff wishes this Court to resolve but also the underlying employment law claims on the merits. Before either a California or Oregon court, Plaintiff can raise the same arguments as it has here (albeit as affirmative defenses), and "[t]he state court[s] [are] equally capable of deciding the issue[s]." *Atl. Richfield Co. v. Christian*, CV 15–83–BU–BMM, 2017 WL 617924, at *5 (D. Mont. Feb. 15, 2017). Indeed, in its Complaint, Plaintiff so concedes. *See* Compl., ECF 1 ¶¶ 17, 22, 31. Further, a declaratory judgment will not "settle all aspects of the controversy" between the two parties here. *Dizol*, 133 F.3d at 1225 n.5 (citation omitted). Even were this Court to retain jurisdiction, a different court in either Oregon or California ultimately would need to resolve the underlying issues on the merits. There is less risk of that occurring if this matter continues through either state court system.

PAGE 7 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

To be sure, there is no parallel state court action currently pending—rather, there is an action that Defendant intends to bring and for which she is pursuing a right-to-sue letter. But the lack of a pending state court case does not fundamentally alter the *Brillhart* analysis. *See R.R. St. & Co.*, 656 F.3d at 976 ("Timing is only one consideration when deciding whether to entertain a declaratory judgment action, and the *Wilton/Brillhart* factors sometimes compel a court to decline to entertain an earlier-filed action in favor of a later-filed action.") (citations omitted); *Huth*, 298 F.3d at 802–03 (explaining that "the absence of a pending state action" does not preclude the application of the *Brillhart* factors); *cf. also Monster Beverage Corp. v. Herrera*, 650 F. App'x 344, 346–47 (9th Cir. 2016) (applying the Anti-Injunction Act in a federal action that was filed before the state court action was initiated).[1] As the Ninth Circuit has put it, "the dispositive question is not whether the pending state proceeding is parallel, but rather, whether there was a procedural vehicle available to the [defendant] in state court to resolve the issues raised in the action filed in federal court." *Polido v. State Farm Mut. Auto. Ins.,* 110 F.3d 1418, 1423 (9th Cir. 1997), *abrogated on other grounds by Dizol*, 133 F.3d at 1227. Because Plaintiff, by its own admission, has such a procedural vehicle and can resolve the issues raised here in the anticipated California state court litigation, or in a subsequently filed Oregon court case, dismissal under *Brillhart* is further warranted here.

---

[1] This Court notes that Plaintiff's request for a declaration that "Oregon is the proper venue for the claims asserted in [Defendant's] Demand" is effectively a request for this Court to preclude a state court proceeding. Compl., ECF 1 ¶ 31. The Anti-Injunction Act generally forbids such claims for relief. *See Monster Beverage Corp. v. Herrara*, Case No. EDCV 13–00786–VAP (OPx), 2013 WL 12131740, at *10–12 (C.D. Cal. Dec. 16, 2013) (providing extensive discussion on the Act and its application to requests for declaratory relief), *aff'd*, 650 F. App'x 344. Because neither party briefed this issue, and because *Brillhart* suffices to resolve this case, this Court does not definitively opine on the Anti-Injunction Act.

PAGE 8 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

*Third*, Plaintiff's decision to bring suit here amounts to forum-shopping. Plaintiff brought suit after it received a demand letter from Defendant outlining claims under California law. That fact is critical, for "the same federalism concerns against the use of the Declaratory Judgment Act as a forum shopping device, and the policy against having federal courts needlessly determine issues of state law, are also present when a federal plaintiff seeks declaratory relief in anticipation that a related state court proceeding may be filed." *Budget Rent-A-Car v. Crawford*, 108 F.3d 1075, 1081 (9th Cir. 1997) (citation and internal quotation marks omitted), *abrogated on other grounds by Dizol*, 133 F.3d at 1227; *see Fin. Indem. Co. v. Brooks*, 2:15-cv-06318-CAS (AGRx), 2016 WL 626736, at *8 (C.D. Cal. Feb. 16, 2016); *Burlington Ins. Co. v. Panacorp, Inc.*, 758 F. Supp. 2d 1121, 1143 (D. Haw. 2010). Thus, the third *Brillhart* factor, too, supports dismissal.

To sum up: every *Brillhart* factor favors dismissal of this matter. Plaintiff is exclusively seeking declaratory relief on involved state law questions. Its suit threatens duplicative litigation. And Plaintiff has essentially brought this case to avoid raising a defense in what it has described as imminent state court litigation. This suit must be dismissed.

Plaintiff resists this conclusion, but its arguments are unavailing. It contends, first, that "there is no danger of a needless determination of state law or the creation of duplicative litigation, and the matters presented are so narrow that an exercise of jurisdiction will fully resolve the parties' rights and obligations." Plaintiff's Response ("Resp."), ECF 14 at 8. But this is incorrect. It would be needless and duplicative for a federal court to opine on a state law issue when a state court action is going to be filed, in Plaintiff's words, "imminently." Compl., ECF 1 ¶ 1. And Plaintiff's concession that the matters presented here are "narrow" weighs against, not for, its position: these "narrow" issues cannot resolve the underlying employment dispute

PAGE 9 – OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

between Plaintiff and Defendant, while a state court could resolve both the issues raised by Plaintiff as well as the underlying dispute.

Plaintiff next accuses Defendant of forum-shopping by pursuing suit in California. Resp., ECF 14 at 9. By so arguing, however, Plaintiff is essentially asking this Court to resolve the merits questions here to resolve the jurisdictional one. This Court will not "use the pretermission of the jurisdictional question as a device for reaching a question of law that otherwise would have gone unaddressed." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 98 (1998); *see Bakalian v. Cent. Bank of Rep. of Turk.*, 932 F.3d 1229, 1236 (9th Cir. 2019).

\* \* \*

In sum, the *Brillhart* factors cut against the exercise of jurisdiction here under the Declaratory Judgment Act, and Plaintiff offers no persuasive reason for this Court to exercise jurisdiction. Accordingly, this Court dismisses this case. Plaintiff did not request leave to amend its Complaint, so this Court will not grant such leave.

On a final note, this Court observes that Defendant failed to properly comply with the District of Oregon's conferral requirement. *See* LR 7-1(a)(1). Defendant certified in her Motion that "the parties made a good faith effort through electronic mail and telephone to resolve the dispute which is the subject of this Motion." Mot., ECF 11 at 1. But Defendant's counsel sent an email only hours before filing her Motion. Boro Decl., ECF 16 ¶¶ 5–9. While Defendant's counsel may have called Plaintiff several times before filing her Motion to Dismiss, that is insufficient under Local Rule 7-1(a)(1). *See* Liu Decl., ECF 18 ¶ 5. Still, this Court does not view Defendant's deficient conferral as reason enough for this Court to retain jurisdiction over this matter.

## CONCLUSION

This Court GRANTS Defendant's Motion to Dismiss, ECF 11. This case is dismissed without prejudice for lack of subject-matter jurisdiction. *See Bituminous Cas. Corp. v. Kerr Contractors, Inc.*, No. CV 10–78–MO, 2010 WL 2572772, at *7 (D. Or. June 22, 2010).

**IT IS SO ORDERED.**

DATED this 10th day of May, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge